107 F.3d 924
 323 U.S.App.D.C. 291
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Louis VARELA, Appellant,
v.
CRSS CONSTRUCTORS, INC., Appellee.
 No. 96-7107.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 12, 1997.
 
 Before SENTELLE and RANDOLPH, Circuit Judges, and BUCKLEY, Senior Circuit Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 36(b). On consideration thereof, it is
 
 
 2
 ORDERED AND ADJUDGED that the district court's dismissal of the above-captioned action and the award of attorneys' fees be affirmed.
 
 
 3
 A district court may use its inherent power to punish misconduct during the course of litigation with the ultimate sanction of dismissal if (1) it finds, by clear and convincing evidence, that the misconduct occurred, and (2) it explains why lesser sanctions are likely to be ineffective. Shepherd v. American Broad. Cos., Inc., 62 F.3d 1469, 1478, 1479 (D.C.Cir.1995). A district court's use of this power is reviewed for abuse of discretion, id. at 1475; and its findings of facts relating to the misconduct will be reversed if "clearly erroneous." Id. at 1475-76.
 
 
 4
 Because its findings meet the requirements set forth in Shepherd, we conclude that the district court did not abuse its discretion. The evidence in the record fully supports its determination that Varela had committed a fraud upon the court by sending two threatening communications to a witness, by deliberately failing to keep copies of documents in violation of the discovery rules, and by submitting a perjured affidavit to the court. E.g., Transcript of Motions Hearing, Feb. 21, 1995 ("Tr.") at 3, 5-6, 20-22, 25-32. The court also considered various lesser sanctions, including the possibility of a protective order, an order compelling discovery, an order reopening discovery, monetary sanctions, and permitting cross-examination of Varela about the contents of a letter without mentioning the name of the witness to whom it was addressed. In each instance, the district court adequately explained why those sanctions were likely to be ineffective. E.g., Tr. 7, 20, 32-34.
 
 
 5
 With respect to the issue of attorneys' fees, we find that Varela waived this argument by failing to raise it before the district court. See Kennecott Utah Copper Corp. v. Department of Interior, 88 F.3d 1191, 1203 (D.C.Cir.1996).
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.